NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL S. YELLEN, | No. 14-16344 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-00134-JMS-BMK |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief Judge, Presiding

Submitted August 16, 2016**

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Michael S. Yellen appeals pro se from the district court's judgment

dismissing for lack of subject matter jurisdiction his action alleging violations of

federal constitutional law and international law arising from the 1893 overthrow of

the Hawaiian monarchy and Hawaii's subsequent annexation by the United States.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Pakootas v. Teck Cominco Metals, Ltd.*, 646 F.3d 1214, 1218 (9th Cir. 2011). We affirm.

The district court properly dismissed Yellen's action because his claims presented non-justiciable political questions over which the district court lacked subject matter jurisdiction. *See Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 980 (9th Cir. 2007) (holding that "the presence of a political question deprives a court of subject matter jurisdiction" and explaining that a non-justiciable political question is found when there is "a textually demonstrable constitutional commitment of the issue to a coordinate political department" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by dismissing without leave to amend. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) (finding "[t]he district court did not err in denying leave to amend because amendment would have been futile").

In light of our disposition, we do not address the merits of Yellen's claims.

We reject as without merit Yellen's contention that he was entitled to discovery.

14-16344

Yellen's expedited motion for injunctive relief and/or permanent injunction, filed on July 15, 2016, is denied.

**AFFIRMED.**